UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 02-16172 |
| | ) | (Jointly Administered) |
| LEVEL PROPANE GASES, INC., et al., | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | Bankruptcy Judge Randolph Baxter |
| | ) | |
| CERTIFIED CLASS OF OHIO RESIDENTIAL CUSTOMERS OF LEVEL PROPANE GASES, INC., | ) ) ) | Case No. 1:03-CV-02241 |
| | ) | Judge Ann Aldrich |
| Appellant, | ) | |
| | ) | |
| v. | ) | MEMORANDUM & ORDER |
| | ) | |
| LEVEL PROPANE GASES, INC., | ) | |
| | ) | |
| Appellee. | ) | |

Appellant Certified Class of Ohio Residential Customers of Level Propane Gases, Inc. (the "Class") appeals two orders of the bankruptcy court in this matter. The first order, dated July 11, 2003, granted debtor/appellee Level Propane Gases, Inc.'s ("LPG") motion to allow rejection of a proposed class action settlement agreement and denied the Class's motion for relief from the automatic stay as moot. The second order, dated September 16, 2003, denied the Class's motion for reconsideration of the July 11 order. For the following reasons, the court affirms the rulings of the bankruptcy court and dismisses the case.

**I.     Background**

In 1998, the Equal Justice Foundation filed a class action lawsuit on behalf of the eventually certified Class against LPG in the United States District Court for the Southern District of Ohio, alleging numerous consumer abuses, fraud and deception. In March 2002, the district court preliminarily

approved a proposed class action settlement. Under the terms of the proposed settlement, Class members would execute releases for their claims, and LPG would provide assurance of payment – i.e., letters of credit – for the settlement amount to class counsel, named plaintiffs and for a pool for the non-named Class members. Additional conditions regarding LPG's business practices were also a part of the proposed settlement, specifically with respect to the fees LPG could charge its customers in the future. As required by the Rule 23(e) or Federal Rules of Civil Procedure, the district court scheduled a hearing for June 18, 2002, to determine whether the proposed settlement was "fair, reasonable and adequate."

Less than two weeks before that hearing, LPG's largest secured creditor filed involuntary bankruptcy petitions against LPG, triggering the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a). The Class filed an immediate motion for relief from the stay, which was denied by the bankruptcy court. The Class then filed a renewed motion for relief from the stay in October 2002. LPG then filed a motion to reject the proposed settlement agreement. In a July 11, 2003 order, the bankruptcy court granted LPG's motion to reject, finding that the proposed class action settlement agreement was an executory contract subject to rejection under the "business judgment" rule, and that LPG had satisfied its burden under that rule to permit rejection. The bankruptcy court also found that with the proposed settlement's rejection, any relief from stay would be moot because the district court would be unable to enter any proposed settlement once LPG had withdrawn its consent to settle. The Class then filed a motion to reconsider the July 11 order with the bankruptcy court, which was denied on September 16, 2003.

## II.     Discussion

On appeal, this court reviews the bankruptcy court's findings of fact only for clear error, giving deference to the bankruptcy court's factual findings. Fed. R. Bankr. P. 8013; *Boone Coal & Timber Co.*

*v. Polan*, 787 F.2d 1056, 1062 (6th Cir. 1986). The bankruptcy court's conclusions of law are subject to *de novo* review. *Polan*, 787 F.2d at 1062.

### A. Rejection of the Proposed Settlement

The two questions the court must consider in the Class's appeal of the bankruptcy court's first order are whether the bankruptcy court erred in (a) finding that the proposed class action settlement was an executory contract subject to rejection under the "business judgment" rule and (b) finding that LPG exercised "sound business judgment" in deciding to reject the proposed settlement. In its initial brief, the Class does not address the first question, though it does belatedly address the issue in its reply brief. While the court would be well within its rights to "decline to consider issues not raised in the appellant's opening brief," the court will address the legal question of the nature of the proposed class action settlement. *Priddy v. Edelman*, 883 F.2d 438, 446 (6th Cir.1989).

Generally, if the obligations of both parties to a contract are so far unperformed that failure of either to complete performance would be a material breach, then the contract is executory. *In re Columbia Gas Sys., Inc.*, 50 F.3d 233, 239 (3d Cir. 1995) (citation omitted). The key date for determining the state of the contractual obligations and whether the contract is executory, despite the Class's assertions to the contrary, is the date the bankruptcy petition was filed. *In re Columbia Gas Sys.*, 50 F.3d at 240 (citations omitted); *see also In re Pomona Valley Med. Group, Inc.*, 476 F.3d 665, 669 n.1 (9th Cir. 2007) (citations omitted); *In re Gen. DataComm Indus., Inc.*, 407 F.3d 616, 623 (3d Cir. 2005) (citation omitted); *In re Sunterra Corp.*, 361 F.3d 257, 264 (4th Cir. 2004) (citation omitted); *Stewart Title Guar. Co. v. Old Republic Nat. Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted); *In re Newcomb*, 744 F.2d 621, 624 (8th Cir. 1984) (citation omitted).

In finding the preliminary class action settlement an executory contract, the bankruptcy court listed the obligations yet to be performed by both sides at the time of the petition. Specifically, the Class members had yet to execute releases with respect to their claims against LPG. LPG, under the preliminary settlement, also owed numerous obligations aside from payment into a settlement fund, including duties to repair faulty equipment within a specific time period, to refrain from charging certain fees that remained legal under state law, and to obey certain formal contracting requirements with its customers that went beyond the minimums set by state law. Those obligations were not, despite the Class's assertions, merely to follow the law and pay the settlement amount. The bankruptcy court was therefore correct in finding the preliminary class action settlement to be an executory contract.

The bankruptcy court then found that LPG exercised sound business judgment in electing to reject the preliminary settlement. Whether a decision is within sound "business judgment" is a question of fact, subject to clear error review. *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985). Under that rule, the court "should presume that the debtor[] acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *In re Pomona Valley Med. Group*, 476 F.3d at 670 (citations omitted). The court should thus approve the requested rejection unless the decision is "'so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice.'" *Id.* (citation omitted). The Class raises the same arguments before this court that it did before the bankruptcy court, asserting that the statement by LPG's witness were not supported by particular analyses, studies or specific facts and that LPG has therefore failed to meet its burden. However, the Class' arguments on business judgment focus solely on the presumed credibility of the witness's assertions. The business judgment is not nearly that rigorous, and the presumption in favor of good business judgment under the

-4-

law has not been rebutted by any evidence. At best, the evidence does not support the decision as well as it might have, but the court finds that there is far from sufficient evidence to support a finding of bad faith, whim or caprice. The bankruptcy court was therefore correct in approving the rejection of the preliminary settlement.

Finally, the court denied the Class's motion for relief from stay as moot, noting that even if it granted a relief from the automatic stay, the rejection of the preliminary settlement by LPG would bar any attempts by the Class to obtain any relief under the preliminary settlement. The Class never addresses this point, or explains how, if the preliminary settlement is rejected, they would be able to draw on the letters of credit specified in the preliminary settlement. The court finds that the bankruptcy court was correct in determining that the motion for relief from stay was moot and denying it as such. The bankruptcy court's July 11, 2003 order is therefore affirmed in its entirety.

### B. Motion for Reconsideration

The Class also appealed the bankruptcy court's denial of its motion for reconsideration. However, the motion for reconsideration simply rehashed arguments initially made to the bankruptcy court. The Class did not point out any error of law or intervening chagce in controlling law, did not present new evidence, and did not present any evidence establishing a "manifest injustice" done by the bankruptcy court's July 11, 2003 order. The bankruptcy court properly denied that motion for reconsideration, because a motion for reconsideration, considered a motion to alter or amend judgment under Rule 59, may be granted only if there has been: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citation omitted). The court therefore affirms the bankruptcy court's denial of the Class's motion for reconsideration.

-5-

### III.   Conclusion

For the foregoing reasons, the court affirms both orders of the bankruptcy court and dismisses this case.

IT IS SO ORDERED.

                                                /s/Ann Aldrich  
                                               ANN ALDRICH  
                                               UNITED STATES DISTRICT JUDGE

**Dated: June 22, 2007**